Abraham J. Colman (SBN 146933)
Email:    acolman@reedsmith.com
Raffi Kassabian (SBN 260358)
Email:    rkassabian@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
Seterus, Inc. and Federal National
Mortgage Association.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. TILLEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SETERUS, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; OCWEN LOAN SERVICING, LLC; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: **'16CV1858 LAB BGS**<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

– 1 –
DEFENDANTS' NOTICE OF REMOVAL

# DEFENDANTS SETERUS, INC. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
## NOTICE OF REMOVAL

Defendants SETERUS, INC. ("*Seterus*") and FEDERAL NATIONAL MORTGAGE ASSOCIATION ("*Fannie Mae*") (together, "*Defendants*"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, give notice of removal of this action from the Circuit Court of the Superior Court of the State of California for the County of San Diego ("*California Superior Court*") to the United States District Court for the Southern District of California ("*Notice of Removal*"). As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because the Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332(a), venue here is proper, and Defendants have satisfied the procedural requirements for removal. In support of their Notice of Removal, Defendants state the following:

### 1. State Court Action

Plaintiff JOHN W. TILLEY ("*Plaintiff*") filed his Complaint ("*Compl.*") against Defendant on June 20, 2016. *See* Complaint and Summons, Ex. 1. The case is styled: *JOHN W. TILLEY, Plaintiff, v. SETERUS, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; OCWEN LOAN SERVICING, LLC; and DOES 1-50, inclusive, Defendants*.

### 2. Receipt of Plaintiff's Initial Pleading by Defendants

Defendants were served with copies of the Complaint and Summons on or about June 21, 2016.

### 3. Removal of State Court Action

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over any action in which complete diversity of citizenship exists among the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. Alternatively, this Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

As discussed herein, this action is removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332(a), venue is proper in the Southern District of California, and this Notice of Removal is timely filed.

### 4. Grounds for Removal: Complete Diversity of Parties

This Court has original jurisdiction over the present action because complete diversity of citizenship exists among the parties and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a). In the Complaint [*See* Compl. ¶ 1], Plaintiff admits that he resides in the State of California.

On the other hand, no Defendant is a resident of the State of California. **First**, Seterus is incorporated in the state of Delaware and its principal place of business is located in North Carolina. Accordingly, Seterus is a citizen of both Delaware and North Carolina for diversity purposes. *See, e.g., Harris v. Rand*, 682 F.3d 846 (9th Cir. 2012) (citing *Fifty Assocs. V. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (string citations omitted)). **Second**, Fannie Mae is a federally chartered corporation and is a citizen of the District of Columbia, which is considered a state for diversity purposes. *See* 12 U.S.C § 1717(a)(2)(B) ("[Fannie Mae] shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation."). **Finally**, Co-Defendant Ocwen Loan Servicing, LLC ("*Ocwen*") is a wholly owned subsidiary of Ocwen Mortgage Servicing, Inc. Ocwen is a Delaware LLC with a principal place of business in Florida. Thus, Ocwen is a citizen of Delaware and Florida for diversity purposes. 28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

U.S.C. § 1332(c)(1).  Altogether, there is complete diversity of the parties:  Plaintiff (California) and Defendants Seterus (Delaware and North Carolina); Fannie Mae (District of Columbia); and Ocwen (Delaware and the Florida).

In addition, the amount in controversy in this Action exceeds $75,000.00, in that Plaintiff explicitly seeks to prevent Defendants from seeking to enforce the terms of a $225,000.00 deed of trust on real property despite Plaintiff's undisputed default on its underlying home mortgage loan.  *See, e.g., Compl.* ¶¶ 12 (stating the value of the loan) and 31 (admitting he is unable to reinstate the loan), *and* at page 19 ("WHEREFORE" clause) (seeking a "permanent injunction prohibiting Defendants…[from] foreclosing…."). Moreover, Plaintiff also seeks unspecified "actual damages in an amount within the jurisdictional limits," along with unspecified general, special, and consequential damages "according to proof." *See* Compl. at page 19.

Counsel for Ocwen has consented to the removal of this action.  Accordingly, this Court has original subject matter jurisdiction over Plaintiff's action, and Defendants have grounds for removal.  *See* 28 U.S.C. §§ 1331 and 1441(a).

**5.    Grounds for Removal:  Federal Question Jurisdiction**

Alternatively, jurisdiction also arises over the instant action based on Plaintiff's assertion of federal claims.  Pursuant to 28 U.S.C. § 1331, this Court has subject-matter jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States.  In the Complaint, Plaintiff asserts, among others, a claim under "the Equal Credit Opportunity Act," 12 C.F.R. 1002.9-1002.16. *See* Compl. ¶¶ 91-97.

Accordingly, this Court has original subject matter jurisdiction over Plaintiff's action, and Defendants have grounds for removal.  *See* 28 U.S.C. §§ 1331 and 1441(a).

**6.    Jurisdiction Over State Law Claims**

In addition to his federal claim, Plaintiff also asserts state law claims for: violation of the California Homeowner Bill of Rights (Cal. Civ. Code §§ 2923.6, *et*

*seq.*); the California Business and Professions Code against "statutory unfair competition" (Cal. Bus. Prof. Code § 17200, *et seq.*); breach of the implied covenant of good faith and fair dealing; negligence; negligent infliction of emotional distress; declaratory relief; and injunctive relief. *See* Compl., *generally*. However, this Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). The instant case does not contain any of the exceptions stated in 28 U.S.C. § 1367(c).

### 7. The Procedural Requirements for Removal Have Been Satisfied

Defendants filed this Notice of Removal pursuant to 28 U.S.C. § 1446. No previous application has been made for the relief requested herein.

### 8. Venue

The United States District Court for the Southern District of California embraces the county in which the state court action is now pending, and thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(b), 1446(a).

### 9. Timeliness of Notice of Removal

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since June 21, 2016, the date on which Defendants were served with the Complaint and Summons. *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding 30-day removal period does not begin to run until defendant is formally served).

### 10. State Court Pleadings

Attached hereto as Exhibit 1 is the Complaint and Summons for the removed action that was served on Defendants. Exhibit 1 constitutes all process, pleadings, and orders that have been served on Defendants in this action as required by 28 U.S.C. § 1446(a). Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice to Plaintiff and shall file a true and correct copy of this Notice of Removal with the Clerk of the California Superior Court.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

In filing this Notice of Removal, Defendants do not waive any defense, exception, right, or motion.  Defendants specifically reserve all defenses, exceptions, rights, and motions.  No statement herein or omission shall be deemed to constitute an admission by Defendants of any of the allegations or damages sought in the Complaint.

WHEREFORE, Defendants SETERUS, INC. and FEDERAL NATIONAL MORTGAGE ASSOCIATION remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

DATED: July 21, 2016.

REED SMITH LLP

By: s/Raffi Kassabian
Abraham J. Colman
Raffi Kassabian

Attorneys for Defendants Seterus, Inc. and Federal National Mortgage Association
Email:   acolman@reedsmith.com
         rkassabian@reedsmith.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware