EXHIBIT 1

**Kettner Law Corporation**
Marc Applbaum (SBN 222511)
2150 W Washington Street, Suite 104
San Diego, CA 92110
Tel: (619) 756-7300
Fax: (619) 363-3944
marc@kettnerlawcorp.com

Attorney for Plaintiff, JOHN W. TILLEY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/20/2016** at 09:53:37 AM
Clerk of the Superior Court
By Laurie Moyneur, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JOHN W. TILLEY<br><br>         Plaintiff,<br>v.<br><br>SETERUS, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; OCWEN LOAN SERVICING, LLC; and DOES 1 through 50, inclusive,<br><br><br>         Defendants. | Case No. 37-2016-00020611-CU-OR-NC<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS**<br>2. **STATUTORY UNFAIR COMPETITION – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.**<br>3. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br>4. **NEGLIGENCE**<br>5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>6. **BREACH OF EQUAL CREDIT OPPORTUNITY ACT**<br>7. **FOR DECLARATORY RELIEF**<br>8. **FOR INJUNCTIVE RELIEF**<br><br>   JURY TRIAL DEMANDED |

Plaintiff, JOHN TILLEY, declares as follows:

## PARTIES

1.     Plaintiff, JOHN TILLEY, ("Plaintiff") is, and at all times relevant to the facts herein was, an individual residing in real property commonly known as **2466 Skylark Dr., Oceanside, CA 92054** ("subject property") located in the County of San Diego, in the State of California.

2.     Plaintiff is informed and believes and based thereon alleges that Defendant SETERUS, INC. ("SETERUS") is, and at all times relevant to the facts herein was, a limited liability company registered in the state of California, doing business in the County of San Diego, State of California as current loan servicer.

3.     Plaintiff is informed and believes and based thereon alleges that Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FNMA") is, and at all times relevant to the facts herein was, a limited liability company registered in the state of California, doing business in the County of San Diego, State of California as current loan investor.

4.     Plaintiff is informed and believes and based thereon alleges that Defendant OCWEN LOAN SERVICING, LLC ("OCWEN") is, and at all times relevant to the facts herein was, a limited liability company registered in the state of California, doing business in the County of San Diego, State of California as prior loan servicer.

5.     The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 50, are unknown to Plaintiff who sues each Defendant by such fictitious names. Plaintiff is informed and believes and based thereon alleges each of the Defendants designated herein as a fictitiously named Defendant is, and in some manner, was responsible for events and happenings referred to herein, either contractually or tortuously. When Plaintiff ascertains the true names of capacities of DOES 1 through 50, he will amend this complaint accordingly.

6.     Plaintiff is informed and believes and based thereon alleges that Defendants and each of them, are, and at all times herein were, the agents, joint ventures, officers, members, representatives, servants, consultants or employees of their co-defendants, and in committing the

**TILLEY v. SETERUS, INC. – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

acts herein allege, were acting within the scope of such affiliation with knowledge, permission, consent or subsequent ratification of their co-defendants.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this matter, as the Subject Property is located in the County of San Diego, California.

8.      In addition, this Court has subject matter jurisdiction over the claims raised herein pursuant to *California Constitution* Article VI, section 10, which grants this Court "original jurisdiction in all causes except those given by statute to other trial courts."

9.      Defendants herein purposefully directed their activities to the State of California. As a result, Defendants caused an event or events to occur in California, and more particularly in the County of San Diego, out of which this action arises and which form the basis of this action.

10.      Defendants either are entities duly licensed to do business in the State of California or are entities that regularly conduct business within this judicial district within California.

11.      Venue is proper for this Court since the Subject Property is located in the County of San Diego and because events or events out of which this action arises and which form the basis for this action arise in the County of San Diego.

## STATEMENT OF FACTS

12.      On or about July 27, 2005, Plaintiff financed the Subject Property for $225,000.00. As evidence of the loan, Plaintiff executed a promissory note ("Note"), and concurrently executed Deed of Trust ("Deed of Trust") as security for the Note. The Deed of Trust for the Subject Property was recorded as Document No. 2005-0662907 in the Official Records of the San Diego County Recorder's Office. The named Lender in the Deed of Trust was American Brokers Conduit. The named Trustee in the Deed of Trust was Old Republic Title Company.

13.      The Subject Property is Plaintiff's principal residence and is owner-occupied.

14.     On or about May 28, 2009, an Assignment of Deed of Trust was executed, and by that Assignment, all rights, title and interest under the Deed of Trust were assigned to American Brokers Conduit. The Assignment of Deed of Trust was recorded as Document No. 2009-0285790 in the Official Records of the San Diego County Recorder's Office.

15.     Plaintiff, like many other American homeowners, began experiencing financial hardship as a result of the ongoing recession. Plaintiff immediately began contacting OCWEN, his loan servicer, to explore any and all available options to get caught up with his mortgage payments.

16.     A representative at OCWEN advised Plaintiff that he would qualify for a loan modification if he fell, and remained, at least two months behind on his payments.  Plaintiff was hesitant about falling behind on his mortgage payment, but OCWEN encouraged Plaintiff to apply. In addition, OCWEN promised Plaintiff that no foreclosure proceedings would initiate while Plaintiff's application was in review.

17.     Plaintiff followed all instructions asked of him by OCWEN and promptly submitted all required documents for a loan modification.

18.     Plaintiff spent months desperately reaching out to OCWEN for status updates and assistance in avoiding the foreclosure of his home.  Finally, OCWEN advised Plaintiff that he had been approved for a home loan modification.  Plaintiff reviewed the terms of the proposed modification, then formally accepted OCWEN's offer.

19.     On or about December 20, 2013, an Assignment of Deed of Trust was executed, and by that Assignment, all rights, title and interest under the Deed of Trust were assigned to Defendant OCWEN. The Assignment of Deed of Trust was recorded as Document No. 2013-0730362 in the Official Records of the San Diego County Recorder's Office.

20.     Under the terms of the modification, the amount in which Plaintiff was in default was supposed to reset to zero.  When Plaintiff went to make his first payment under the modification, OCWEN refused to accept Plaintiff's payment and indicated Plaintiff was $43,000 in default.  Plaintiff immediately called OCWEN and asked why his filed showed he was in debt

after he had accepted the modification.  OCWEN ignored Plaintiff's correspondence and refused to accept Plaintiff's monthly payments since his account erroneously suggested he was in default.

21.     Throughout the next several months, OCWEN failed to investigate why Plaintiff's account showed he was in default immediately after he accepted the loan modification.  Plaintiff informed OCWEN the only reason he was in default at that point in time was because OCWEN failed to reset his account as per the terms of the modification.  Throughout this period, OCWEN continually refused Plaintiff's monthly payments.

22.     Plaintiff constantly contacted OCWEN for assistance in discovering why they were not honoring the modification.  Rather than providing answers, OCWEN relinquished the servicing obligations of Plaintiff's home loan to Defendant SETERUS.

23.     After receiving notice of the transfer, Plaintiff immediately contacted SETERUS for any assistance they could offer in helping Plaintiff recover from OCWEN's negligence. SETERUS suggested Plaintiff apply for another loan modification.  Plaintiff was hesitant about reapplying for a modification since Plaintiff's first experience with a loan modification only lead him to a worse position.  SETERUS informed Plaintiff he had no other alternative but to reapply for a modification.

24.     Plaintiff followed all instructions asked of him by SETERUS.  Plaintiff gathered and completed all necessary documents for an application.  Plaintiff then submitted an application for loan modification into SETERUS for review.  SETERUS informed Plaintiff they had received his application for modification and promised they would notify Plaintiff of a decision within the following thirty days.

25.     Plaintiff spent the following months reaching out to SETERUS for status updates and assistance.  SETERUS ignored Plaintiff's correspondence rather than answer Plaintiff's questions or return his phone calls.

26.     After months of futile contact, SETERUS sent Plaintiff a letter indicating his application was incomplete for missing documents.  Plaintiff was furious that SETERUS was just

then notifying him of missing documents after Plaintiff had received prior assurances from multiple SETERUS representatives that his application was complete and in review.

27.     Plaintiff contends he submitted all required documents for a loan modification. OCWEN had either lost or misplaced Plaintiff's submitted documents.  Plaintiff suffered great anxiety since the documents SETERUS lost or misplaced contained highly sensitive and confidential information concerning Plaintiff's state of financial affairs.  Nevertheless, Plaintiff resubmitted all requested documents into SETERUS and continued to await a resolution.

28.     On or  about May 20, 2015, an Assignment of Deed of Trust was executed, and by that Assignment, all rights, title and interest under the Deed of Trust were assigned to FNMA. The Assignment of Deed of Trust was recorded as Document No. 2015-0257086 in the Official Records of the San Diego County Recorder's Office.

29.     At that point, Plaintiff wanted to establish a single point of contact with SETERUS to ensure he could speak to the same representative who was knowledgeable about Plaintiff's affairs thus far.  Throughout Plaintiff's dealings with SETERUS, his single point of contact changed on multiple occasions.  Plaintiff rarely spoke with his assigned contact and, rather, was transferred from one representative to another all of whom gave conflicting answers to questions and inaccurate status updates.

30.     Plaintiff's voicemails consistently went unanswered.  The only updates obtained were a result of Plaintiff's due diligence in consistently contacting SETERUS, rather than vice-versa as required by the Homeowner Bill of Rights.  An uncommunicative single point of contact does not satisfy the requirement under Cal. Civ. Code §2923.7.

31.     Plaintiff felt as though SETERUS had failed to provide him meaningful assistance since they were ignoring Plaintiff's every request.   SETERUS greatly delayed Plaintiff's modification review and put Plaintiff in a position whereby if Plaintiff were not offered a modification he would not be able to reinstate his loan since he was withholding payment per SETERUS's advice.

32.     On or about December 2, 2015, Ryan Remington, purporting to be an agent of The Mortgage Law Firm, PLC, and alleging to be the trustee under the Deed of Trust, caused to be recorded a Notice of Default and Election to Sell under Deed of Trust ("NOD") in the Official San Diego County Recorder's Office Records as Document No. 2015-0620524.

33.     Plaintiff alleges that SETERUS dual tracked his home into foreclosure while he was under loan modification review as SETERUS instituted foreclosure proceedings against Plaintiff by filing the NOD.  Plaintiff relied on assurances from SETERUS that his home would not go to foreclosure sale while he was still in review for a modification.

34.     Several months later, Plaintiff received notification that he had been denied a loan modification.  At this point, Plaintiff's normally outstanding credit had been lowered strictly because of the negligent and faulty actions of OCWEN and SETERUS.  Plaintiff filed grievances against both OCWEN and SETERUS due to the damage sustained to Plaintiff's credit and the fact both institutions only led Plaintiff closer to foreclosure.

35.     On or about May 26, 2016, Adriana Rivas, purporting to be an agent of The Mortgage Law Firm, PLC, alleging to be the trustee under the Deed of Trust, caused to be recorded a Notice of Trustee's Sale ("NTS") in the Official San Diego County Recorder's Office Records as Document No. 2016-0258314.

36.     Defendants failed to abide by Civil Code 2923.55 due to the fact that they did not review Plaintiff's financial situation and further did not advise him of all options available to avoid foreclosure.

37.     Defendants failed in their obligations to both offer assistance to Plaintiff prior to the Notice of Default and meeting communication requirements once Plaintiff was able to submit a request.  Defendants did not offer Plaintiff a meaningful review as required by California law.

38.     Defendants are actively moving toward foreclosure of the home and took clear steps to satisfy this state's requirements toward a non-judicial foreclosure, including recording a Notice of Default.

39.     Plaintiff now faces the loss of the Subject Property, as well as the lost opportunity to pursue foreclosure prevention options that he would have pursued but for the Defendants' violation of California Civil Code section 2924 et. seq. Defendants violated communication requirements under the California Homeowners Bill of Rights and failed to rescind the Notice of Default to remedy said violations.

40.     Consequently, Plaintiff is informed and believes and based thereon alleges that the negotiations were not in good faith, and were a mere "smoke screen" for use by defendant to lull Plaintiff into a state of complacency while his home is foreclosed on and taken from him.

41.     By way of this Complaint, Plaintiff seeks a temporary restraining order, followed by a preliminary injunction, enjoining Defendants from selling Plaintiff's property at auction. Plaintiff also seeks damages for Defendants blatant violation of the requirements of California Civil Codes §§ 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, 2924.11, 2924.12.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS

(Against ALL Defendants)

42.     Plaintiff hereby incorporates by this reference paragraphs 1 through 41, as fully set forth herein.

43.     The Homeowner Bill of Rights consists of a series of related bills including two identical bills that were passed on July 2, 2012 by the state Senate and Assembly: AB 278 (Eng, Feuer, Pérez, Mitchell) and SB 900 (Leno, Evans, Corbett, DeSaulnier, Pavley, Steinberg). Both of which ultimately give rights back to borrowers and create a system in which banks can be held accountable for pursuing their own interests above the borrowers.

44.     Lenders are now legally obligated to ensure a borrower receives "meaningful" opportunity to be considered for any and all options available to avoid foreclosure. It also guarantees struggling homeowners a single point of contact at their lender with knowledge of

TILLEY v. SETERUS, INC. – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

their loan and direct access to decision makers, and imposes civil penalties on fraudulently signed mortgage documents.

45.     Plaintiff contends that California Civil Code § 2923.6 mandates that a good faith review and an actual exploration take place regarding the borrower's financial situation and the borrower's options to stay in his home. It is the servicer's obligation to act in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which the following apply:

(l) The loan is in payment default or payment default is reasonably foreseeable;

(2) Anticipated recovery under loan modification or work-out plan exceeds the anticipated recovery through foreclosure on a net present value basis;

(3) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offers the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

46.     Plaintiff alleges that Defendants violated Civil Code §2923.6.  Plaintiff requested mortgage relief assistance on numerous occasions to help save his home from foreclosure yet received nothing but runaround assistance from Defendants.

47.     California Civil Code section 2924.18 prohibits a mortgage servicer from commencing or continuing the foreclosure process pending a completed review of a loan modification application submitted by a borrower and until after the borrower has been provided with a written decision about eligibility for a loan modification.

48.     Plaintiff alleges that Defendants continued the foreclosure process without offering Plaintiff any assistance regarding how to avoid foreclosure. On multiple occasions, Plaintiff demanded assistance from Defendants, but Defendants only ignored Plaintiff's requests for help.

49.     Defendants' inability to accurately inform Plaintiff of further instructions, missing and/or expiring documents, and status updates caused Plaintiff to believe on multiple occasions

**TILLEY v. SETERUS, INC. – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Defendants would provide Plaintiff no assistance, all the while as Defendants continued to push closer to foreclosure.

50.     California Civil Code section 2923.7 provides that upon the request of a foreclosure prevention alternative, the mortgage servicer "shall promptly establish a single point of contact and provide the borrower one or more direct means of communication with the single point of contact."

51.     Despite Plaintiff's request for assistance with an alternative to foreclosure, the numerous representatives at OCWEN and SETERUS that Plaintiff spoke with were unable and/or unwilling to help and consistently gave Plaintiff vague answers to questions. Said representatives failed to offer adequate assistance to Plaintiff including further instructions and status updates regarding an application for assistance.

52.     Plaintiff has suffered and will continue to suffer substantial irreparable harm, including but not limited to the potential loss of the Subject Property, the cost and expense of the instant pending litigation, continuing emotional distress, and other actual consequential damages that will be proven on date of trial.  Furthermore, Plaintiff has been harmed in that Plaintiff was unable to exercise his right to reinstate the loan under Cal. Civil Code section 2924c, as well as exercise his right to secure other alternatives to foreclosure.

## SECOND CAUSE OF ACTION

## STATUTORY UNFAIR COMPETITION – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.

(Against ALL Defendants)

53.     Plaintiff hereby incorporates by this reference paragraphs 1 through 52, as though fully incorporated herein.

54.     Defendants' conduct as alleged herein constitutes unlawful, unfair or fraudulent business act(s) or practice(s) within the meaning of California Business and Professions Code §17200 et seq.

- 10 -

55.     Specifically, Defendants are unlawfully and unfairly proceeding with foreclosure against California homeowners, including Plaintiff, in direct violation of California Civil Code foreclosure procedure statutes, including newly amended statutes implemented effective January 1, 2013 by way of AB 237 and SB 900.

56.     Upon information and belief, Defendants have pattern and practice of foreclosing on property of California homeowners without contacting them to explore options to avoid foreclosure as required by law. In fact, as was the case here, Defendants are purposefully precluding homeowner attempts to apply and qualify for any and all workout options.

57.     Upon information and belief, Defendants have pattern and practice of foreclosing on property of California homeowners without giving opportunity for, agreeing to or implementing a modification or workout as required by California Civil Code §2923.6 when loan payments are in default or default is reasonably foreseeable and anticipated recovery under the workout exceeds the anticipated recovery through foreclosure on a net present value basis.

58.     Plaintiff has additionally been damaged in the amount of foreclosure fees and costs already charged to and added to Plaintiff's loan, in an amount to be proven at trial.

59.     The fees and costs charged by Defendants were charged without any legal authority to do so and in direct violation of the statutory mandate of California Civil Code §2923.55 and §2923.6.

60.     Defendants must be required to disgorge any profit or gain that they obtained as a result of their wrongful conduct as herein alleged.

61.     Plaintiff is entitled to equitable relief in the form of an order requiring Defendants to disgorge all profits or gain they have obtained from Plaintiff or at the expense of Plaintiff and members of the general public by reason of their unlawful, unfair or fraudulent business act(s) and practice(s) and an injunction enjoining Defendants from continuing said acts or practices.

//

//

//

### THIRD CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

#### (Against ALL Defendants)

62.  Plaintiff hereby incorporates by this reference paragraphs 1 through 61, as though fully set forth herein.

63.  Defendants' conduct, as alleged, constitutes a breach of the covenant of good faith and fair dealing implied in every contract under California law.  This covenant creates an obligation in Defendants not to hinder or prevent Plaintiff's ability to perform under the contract or receive the benefit of the contract.

64.  On or about July 27, 2005, Plaintiff entered into a loan agreement, executing a Promissory Note and Deed of Trust in favor of American Brokers Conduit, and subsequently Defendants.  Plaintiff alleges that Defendants breached the covenant of good faith and fair dealing and interfered with Plaintiff's ability to perform under the contract by refusing to provide Plaintiff any meaningful assistance and then impairing his ability to get current on his loan like he was trying desperately to do.

65.  For years, Plaintiff substantially performed under the loan agreement, making his full monthly payments on time every month.

66.  Defendant's negligence in responding to Plaintiff's requests for assistance, coupled with prolonged review periods and major communication failures, forced Plaintiff into an unrecoverable default whereby if assistance was not offered, Plaintiff would have on other means to save his home.

67.  Therefore, because Defendants induced Plaintiff to not perform under the contract by failing to provide assistance as required by law, Plaintiff's performance was excused as set forth under Cal. Civ. Code § 1511, which states if a defendant does some act naturally tending to induce the plaintiff not to perform, the plaintiff's failure to perform is excused.  When this occurs, according to Cal. Civ. Code § 1512, the plaintiff is entitled to all the benefits of the contract had it been performed by both parties.  As such, no conditions existed that would interfere with

Defendant performing under the contract, and all conditions necessary for Defendants to fulfill its obligations under the contract had occurred when Defendants coerced Plaintiff into missing payments by promising Plaintiff that he would not face foreclosure if he did so.  In fact, this promise was designed to induce and coerce Plaintiff to miss payments and sit idly by during supposed review periods so that Defendants could foreclose on Plaintiff's loan.

68.     As a proximate result of Defendants' acts and practices, Plaintiff's credit has been detrimentally impacted, and Plaintiff now risks the loss of his home through foreclosure.  Plaintiff has incurred contract damages, according to proof at trial, attorney's fees, costs to save the home, and loss of equity.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

(Against ALL Defendants)

69.     Plaintiff hereby incorporates by this reference, paragraphs 1 through 68, as though fully incorporated herein.

70.     The elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury. (Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917 [50Cal.Rptr.2d 309, 91 1 P.2d 496].)

71.     At all times relevant herein, Defendant OCWEN and SETERUS, acting as Plaintiff's lender and servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited to, disclosing to Plaintiff the real status of any foreclosure actions taken by it, refraining from taking any action against Plaintiff outside its legal authority, and providing all relevant information regarding Plaintiff's loan accounts with Defendants.

72.     Under the facts specified above and in the allegations incorporated, the Defendants were under a duty to Plaintiff and are liable to the Plaintiff for Negligence.

73.     It is true that some courts have held that in the standard lender/borrower relationship, a duty of care is not necessarily created.  For instance, the court held in Nymark v. Heart Federal Savings & Loan Association., 231 Cal. App. 3d 1089, l095 (1991) that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."

74.     However, the Nymark court simply found that a duty was not owed under the facts in that case after analyzing them pursuant to the six part test established in Biakanja v. Irving, 49 Cal2d 647, 122 P.2d 294.

75.     A relationship of trust and confidence existed between Plaintiff and Defendants. Among other things, Plaintiff entrusted Defendants with his home mortgage refinancing as well as with a myriad of confidential information with regard to the subject mortgage loans, including, without limitation, Plaintiff's social security numbers and/or tax ID numbers, tax returns, W2's, pay stubs, bank statements, other income information and/or verification, financial statements, information with regard to Plaintiff's debt, work history, credit history and net worth.

76.     A fiduciary relationship came into existence when Plaintiff and Defendants were negotiating foreclosure options.  Defendants promised and represented that Plaintiff would be receiving a loan and the repayment options would be within Plaintiff's monthly means.

77.     In addition to the above-described common law fiduciary relationship, Defendants automatically occupy a fiduciary relationship to their Principal, including Plaintiff, and owe Plaintiff the highest possible duty including, but not limited to, absolute honesty and undivided loyalty.

78.     When OCWEN and SETERUS were acting as servicer of Plaintiff's loan, there existed the traditional lender/borrower relationship, which does not usually impose a duty of care. However, once Defendants promised and represented that Plaintiff would be considered and

- 14 -
TILLEY v. SETERUS, INC. – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

properly evaluated for all available mortgage relief options, they stepped outside the role of a traditional lender and created a duty of care to Plaintiff.

79.     Defendants created a duty to Plaintiff when it: (1) affected Plaintiff by making clear and unambiguous promises and representations regarding modifying Plaintiff's loan to prevent foreclosure; (2) spent months delaying making a decision on Plaintiff's request for mortgage relief; (3) created additional arrears by refusing to accept a payment from Plaintiff; (4) the harm of Plaintiff losing his home was foreseeable if the numerous promises made by many different employees were breached; (5) Plaintiff's injury was certainly foreseeable; (6) Defendants' long period of bad-faith conduct with Plaintiff over saving his home from foreclosure is evidence of them causing Plaintiff's injury and damages; (7) the extreme runaround, contradictory promises, directives from various employees, all create moral blame with regards to Defendants; (8) the public policy of preventing future harm would require Defendants to answer for their mistreatment of Plaintiff.

80.     Defendants breached their duty of care to Plaintiff by signing inaccurate and invalid written instruments concerning Plaintiff's home mortgage loan, falsifying loan documents, misleading Plaintiff, and promising there would be no foreclosure attempt of Subject Property.

81.     Defendants failed to disclose to Plaintiff the existence of any other available mortgage relief programs as required under current California statutes

82.     At the time Defendants made their representations and/or omissions to Plaintiff as alleged above, they knew, or had reason to know, that said representations and/or omissions were in fact false, and nevertheless made them, with the intent to defraud Plaintiff and cause Plaintiff to believe his home would not be foreclosed upon.  Had Plaintiff known the true facts, Plaintiff would have demanded an explanation and/or clarification from Defendants and pursued other available legal remedies to protect their interests.

83.     The lack of proper assistance and communication by Defendants caused Plaintiff monetary loss, severe emotional stress at the loss Plaintiff's home, loss of home equity, and more.

84.     Plaintiff demands damages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against ALL Defendants)

85.     Plaintiff hereby incorporates by this reference paragraphs 1 through 84, as though fully set forth herein.

86.     Plaintiff alleges Defendants negligently inflicted emotional distress upon him.

87.     Defendants wrongfully pursued foreclosing on Plaintiff's home in violation of various California statues as mentioned above.

88.     Plaintiff has directly suffered serious emotional distress in response.  Plaintiff requested assistance from OCWEN and SETERUS and was continually ignored.  Furthermore, Defendants had a routine practice of making false assurances to Plaintiff on which Plaintiff would justifiably rely which was a detriment to Plaintiff's credit.

89.     Plaintiff diligently followed all instructions asked of him by Defendants which ultimately led him to a worse position.  Plaintiff spent countless nights suffering from severe anxiety due to the questionable business practices Defendants conducted.  Plaintiff's anxiety manifested itself as a decrease in Plaintiff's general health and a lower quality of life.

90.     Plaintiff demands an award of damages for all his distress suffered in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### BREACH OF EQUAL CREDIT OPPORTUNITY ACT

(Against ALL Defendants)

91.     Plaintiff hereby incorporates by this reference paragraphs 1 through 90, as fully set forth herein.

92.     According to 12 CFR 1002.9, "a creditor must notify an applicant of action taken on the applicant's request for credit, whether favorable or adverse, within 30 days after receiving a completed application."

93.     Plaintiff submitted applications for a loan modification with the assurances from Defendants that they would reach a resolution on Plaintiff's request within thirty days. Defendants failed to notify Plaintiff of a resolution within the mandatory thirty day period.

94.     Defendants' unjustifiable delay resulted in Plaintiff falling substantially behind on his mortgage despite the fact Plaintiff complied with all instructions asked of him by Defendants.

95.     Defendants have violated section 1002.9 of the Equal Credit Opportunity Act (ECOA) in that Defendants have failed to respond to Plaintiff's application within thirty days.

96.     In addition to actual damages, the ECOA provides for punitive damages of up to $10,000 along with an award of court costs and attorney's fees as per 12 CFR 1002.16.

97.     Plaintiff demands an award of damages for Defendants' violation of the ECOA in an amount to be determined at trial.

## **SEVENTH CAUSE OF ACTION**

### **FOR DECLARATORY RELIEF**

(Against ALL Defendants)

98.     Plaintiff hereby incorporates by this reference paragraphs 1 through 97, as though fully set forth herein.

99.     An actual controversy has arisen and now exists between the parties to this complaint and their respecting rights and responsibilities.

100.    Plaintiff requests and is entitled to a judicial declaration and judgment of this Court that:

(A)     That Defendants failed to abide by their own guidelines in offering Plaintiff an application for a loan modification or other alternative in violation of Civil Code §2923.6

and further violated numerous communication requirements as dictated by the California Homeowners Bill of Rights.

(B)     That Defendants and each of them, failed to provide the required statutory notifications and undertake the required courses of action as mandated under California's Civil Code.

101.     Plaintiff has no adequate remedy at law for the injuries that have occurred and are being threatened by the Defendants herein.

102.     Plaintiff has additionally been injured in that Plaintiff has incurred unlawful foreclosure fees and expenses, which have been added to the amount of Plaintiff's loan.

## EIGHTH CAUSE OF ACTION

### FOR INJUNCTIVE RELIEF

103.     Plaintiff hereby incorporates by this reference paragraphs 1 through 102, as fully set forth herein.

104.     Under California law, a borrower may bring an action for injunctive relief to enjoin a material violation of Civil Code section 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, or 2924.11.

105.     Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the bank has corrected and remedied the violations giving rise to the action for injunctive relief.  Civil Code 2924.12.

106.     Pursuant to California Civil Code section 2924.19 (a), any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief.

107.     Also under these laws, pursuant to California Civil Code section 2924.19 (h), a court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. Id.  At subsection (g).  Additionally, a borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was

awarded damages pursuant to this section. Id at subsection (h).   Under the recently-enacted California Homeowner Bill of Rights, a mortgage servicer/bank may not record a notice of default until it complies with numerous specific conditions set forth in the statute at 2924.18 and further cannot continue foreclosure proceedings unless all rights of the borrower are considered and give.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.       A declaratory judgment and order of this Court that:

(A)       Defendants, and each of them, may not foreclose on the Property until they have honored and proven that all statutory requirements stemming from and relating to Plaintiff's options to avoid foreclosure have been met.

(B)       That Defendants failed to abide by their own guidelines in qualifying or reviewing Plaintiff for a loan modification in violation of Civil Code §2923.6.

(C)       That Defendants and each of them, failed to provide the required statutory notifications and undertake the required courses of action as mandated under California's Civil Code.

2.       For a temporary restraining order, preliminary injunction and permanent injunction prohibiting Defendants from engaging in unlawful and deceptive acts and practices of foreclosing on property of California homeowners, including Plaintiff, without considering her for within their guidelines, and when anticipated recovery through a modification or workout plan exceeds anticipated recovery through foreclosure on a net present value basis.

3.       For disgorgement of Defendants' illegal profits and gain, including but not limited to all foreclosure fees and costs charged California homeowners, including Plaintiff.

4.       For an award of actual damages in an amount within the jurisdictional limits of this Court to be proven at trial.

5.       For general damages, according to proof.

6.       For special damages, according to proof.

7.       For consequential damages, and incidental damages, according to proof.

8.      For an award of reasonable attorney's fees pursuant to agreement of the parties, according to proof.

9.      For an award of interest, including prejudgment interest, as provided by law.

10.     For costs of suit; and

11.     For such other relief as the Court deems just and proper.


DATED: June 16, 2016                    KETTNER LAW CORPORATION


                              BY: _____
                                      MARC APPLEBAUM
                                      Attorney for Plaintiff

---

**- 20 -**

**TILLEY v. SETERUS, INC. – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**